**NOT FOR PUBLICATION**

SEP 09 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30321 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00278-BLW-1 |
| v. | |
| FAUSTO ENRIQUE URIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted August 31, 2015[**]
Seattle, Washington

Before: GOODWIN, GOULD, and IKUTA, Circuit Judges.

Fausto Enrique Urias appeals his conviction following his guilty plea to

conspiracy to distribute fifty grams or more of methamphetamine in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Urias contends that the district court

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to comply with Federal Rule of Criminal Procedure 11 during the plea colloquy, and that this constitutes reversible error. Because Urias's counsel failed to raise these objections at trial, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not inform Urias of the plea-agreement provision waiving his right to appeal, advise Urias that he had no right to withdraw the plea if the court did not follow the recommendation or request, or inform Urias that the agreed disposition would be included in the judgment, as required by Rule 11. *See* Fed. R. Crim P. 11(b)(1)(N), 11(c)(3)(B), and 11(c)(4). However, Urias has not met his burden of showing a reasonable probability that, but for these errors, he would not have entered the plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.").

The record does not support Urias's contention that the parties failed to disclose the plea agreement in open court. *See* Fed. R. Crim. P. 11(c)(2).

**AFFIRMED.**

2